

FILED

JUN 2 6 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN F. LANCE,<br><br>    Petitioner,<br>vs.<br><br>JAMES SALMONSON; TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | Cause No. CV 18-114-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is before the Court on John F. Lance's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Lance is a state prisoner proceeding pro se.

I.    **Motion to Proceed in Forma Pauperis**

After reviewing the motion and supporting account statement, I find that Lance has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis (Doc. 3) will be granted.

II.   **28 U.S.C. § 2254 Petition**

Rule 4 of the Rules Governing Section 2254 cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1

Based upon a review of Lance's Petition and Brief in Support (Docs. 1 & 2), as well as the Montana Supreme Court's decisions referenced herein, it appears that Mr. Lance's petition should be denied for failure to state a cognizable federal habeas claim.

### A. Factual and Procedural Background

Lance seeks to challenge a "pretended" Final Decree of Dissolution entered in Montana's Fourth Judicial District, Missoula County, on March 29, 1979. Pet. (Doc. 1 at 2). Lance asks this Court to exercise is supplemental jurisdiction and formally vacate the divorce decree, which Lance contends is void *ab initio*.[1] Lance also asks this Court to vacate four criminal contempt convictions that stemmed from the divorce decree which, according to Lance, were already reversed by the Montana Supreme Court. *Id.* at 3, ¶¶ 3-5.

Lance claims he was found not to have appeared in his divorce proceedings and a default judgment was entered against him. But Lance now claims that he timely answered the petition and denied both that the marriage was irretrievably broken and that there was no reasonable prospect for reconciliation. *Id.* at 4, ¶ 13(A); *see also* (Doc. 2 at 3-4). Lance attempted to raise this claim on direct

---

[1] *See also, Lance v. Salmonson, et. al.*, Cause No. CV 18-113-M-DLC-JCL, wherein Lance lodges similar allegations.

appeal, but the Montana Supreme Court denied relief. *Id.* at 4, ¶ 13(A) (ii).[2] Lance states that he tried to resurrect this fraudulent default judgment claim in a state postconviction petition, but was again denied relief when the Supreme Court found Lance failed to state a claim for which relief could be granted. *Id.* at 5, ¶ 13(A)(iii).[3] Lance then argues that subsequently, the Ravalli County district court excluded evidence pertaining to the 1979 divorce and subsequent 1981 property sale, during his 2015 trial for Stalking and Felony Intimidation. *Id.* at 5, ¶ 13(B)(i).

As explained in the companion habeas case Lance filed, the Court is familiar with the legal odyssey in which he has been engaged in over the years. *See e.g., Willavize v. Lance*, CV-93-mc-13-M; *Lance v. Larson*, CV-12-82-M-DLC (judg. of dismissal entered Nov. 27, 2012); *Lance v. State, et. al.*, CV-05-13-DWM, (judg. for defendants entered Aug. 20, 2007); and, *In re: Lance*, CV-18-38-H-DLC-JTJ (or. closing case entered June 19, 2018). The Montana Supreme Court has summarized the Lance's state filing history as follows:

> Lance's current appeal stems from his decades-long insistence that his 1979 decree of dissolution was void and the resulting sheriff's sale of real property located near Florence, Montana was invalid. In connection with his attempts to regain the property after its sale in 1981, Lance was convicted of three separate attempts of felony intimidation in three separate counties and committed to the Montana State Prison. Incarcerated, Lance engaged in decades of litigation in the State and Federal courts disputing the validity of his decree of dissolution, the subsequent property sale, and his criminal convictions. This Court has issued four decisions and three orders affirming

---

[2] *See, Lance v. Lance*, 195 Mont. 176, 635 P.2d 571 (1981) (Lance *I*).

[3] *See also, Lance v. State*, 2018 MT 23N, ¶¶ 3-4, 413 P.3d 811 (Mont. 2018).

3

the validity of his decree of dissolution, the subsequent property sale, and his criminal convictions. *See Lance v. Lance*, 195 Mont. 176, 635 P.2d 571 (1981) (*Lance I*); *In re Marriage of Lance*, 213 Mont. 182, 690 P.2d 979 (1984); *State v. Lance*, 222 Mont. 92, 721 P.2d 1258 (1986); *Lance v. Fourth Judicial Dist. of Mont.*, No. OP 11-0553, 363 Mont. 416, 285 P.3d 1052, (table) (Dec. 6, 2011); *Lance v. Twenty-First Judicial Dist.*, Nos. OP 11-0747, 11-0748, 11-0771, 364 Mont. 551, 286 P.3d 248, (table) (Feb. 14, 2012); *Lance v. Fourth Judicial Dist. Court*, No. OP 13-0289, 311 P.3d 445, (table) (June 19, 2013) (*Lance Order*); and *State v. Lance*, No. DA 15-0329, 2016 MT 97N, 2016 Mont. LEXIS 285 (*Lance IV*).

The State discharged Lance from prison in March 2014. Preceding his release, the current owners of the property obtained an order of protection against Lance because of his harassing correspondence. Lance violated that order of protection twice in the months following his release and, in 2015, a jury convicted him of four offenses: (1) felony intimidation; (2) felony stalking; (3) misdemeanor order of protection violation; and (4) misdemeanor criminal trespass. The District Court designated Lance a persistent felony offender, sentenced him to seventy-five years for each felony and six month for each misdemeanor, and ordered him to pay restitution. Lance appealed and we affirmed his convictions addressing two issues: (1) whether evidence regarding Lance's decree of dissolution and the subsequent property sale was properly excluded from his 2015 trial; and (2) whether restitution was proper. Next, Lance filed a petition for postconviction relief in Montana's Twenty-First Judicial District Court. The District Court dismissed Lance's petition.

*Lance v. State*, 2018 MT 23N, ¶¶ 3-4, 413 P.3d 811 (Mont. 2018).

### B. Lance's Claims

Lance asks this Court to exercise its long-arm jurisdiction and: vacate his void marriage dissolution decree; vacate all subsequent real property sales; and, appoint a lawyer to represent him and assist in vacating all his remaining state criminal convictions in Missoula, Ravalli, and Powell counties. Further, Lance asks the Court to assist him in regaining his ranch and all personal property taken

4

by trespass and provide funds for him to rebuild his ranch to the condition it was left in 1979. *Id.* at 7, ¶ 16; *see also,* (Doc. 2 at 10).

### C. Analysis

Federal habeas courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody…" *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). Additionally, federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); see also, *Peltier v. Wright,* 15 F. 3d 860, 861061 (generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). Thus, unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable via a petition for federal habeas corpus relief. *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

Lance contends that allowing his felony convictions to stand when they are based upon the purportedly void judgments, would "be an in justice of the first magnitude." (Doc. 1 at 5, ¶ 13(B)(i)). Lance goes on to argue, citing *Bordenkircher v. Hayes,* that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort."

5

(Doc. 1 at 6, ¶ 13(B)(iv) *citing Bordenkircher*, 434 U.S. 357, 363 (1978).[4] Because Lance believes his marriage remains valid and he is still the rightful owner of the Nighthawk Ranch, so his argument goes, he could not have committed the offenses of Intimidation or Stalking while he was on his own property. *See,* (Doc. 2 at 9-10).

As an initial matter, Lance's divorce and the sale of his property has been well-settled under state law for over three decades. Any claim Lance could have attempted to make before this Court, relative to the 1979 dissolution or 1981 sale of property is untimely. But, this Court does not have jurisdiction over Lance's family law claims. The United States Supreme Court has long held, "[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) (holding that "domestic relations are preeminently matters of state law"). "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove United School District v. Newdow*, 542 U.S. 1, 13 (2004).

---

[4] The Court would note that *Bordenkircher* dealt with the plea bargaining process and held that although prosecutors might threaten to pursue harsher sentences if a defendant chooses to go to trial, such negotiations do not constitute a prejudicial or vindictive act. It is unclear exactly how Lance believes this case supports his claim.

Lance presents no such substantial federal question.

And despite Lance's belief to the contrary and citations to this Court's "long arm jurisdiction," it would be entirely inappropriate for this court to dismiss any state criminal convictions, including the four contempt conviction that Lance asserts have already been vacated, or any civil judgments entered against Lance. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and dismiss the state convictions and judgments as suggested by Lance.

Moreover Lance's citation to a purported federal due process violation does not convert Lance's state law claim into one of federal import. *See Little v. Crawford*, 449 F. 3d 1075, 1083, n. 6 (9th Cir. 2006) (observing that a showing of a possible "variance with state law" does not constitute a federal question, and that federal courts, "cannot treat a mere state error of state law, if one occurred, as a denial of due process, otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.")(citations omitted); *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1997)(a petitioner may not

"transform a state-law issue into a federal one merely by asserting a violation of due process," and "alleged errors in the application of state law are not cognizable in federal habeas corpus"). In short, Lance does not present a claim for which habeas relief could be granted; the petition should be denied.

### D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt that Lance's claims are not cognizable and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

### ORDER

1. Mr. Lance's Motion for Leave to Proceed in Forma Pauperis (Doc. 3) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Lance's Petition (Doc. 1) should be DENIED.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Lance may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b) (1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Lance must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 26th day of June, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Lance is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.