IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



JOHN F. LANCE,

    Petitioner,

vs.

JAMES SALMONSON; TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA,

    Respondents.

CV 18–114–M–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendations in this case on June 26, 2018, recommending that Petitioner John F. Lance's ("Lance") Petition for Habeas Corpus (Doc. 1) be dismissed because Lance has failed to state a claim for which federal habeas relief can be granted. (Doc. 5 at 8.) In response, Lance has filed two objections, a notice, a praecipe, and two supplements. (Docs. 6; 7; 8; 9; 10; 11.) This Court must review de novo those findings and recommendations to which Plaintiff has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (internal quotation marks and citation omitted).

In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) (citation omitted). This is precisely what

2

Lance has attempted to do in his objections. Lance's objections amount to a rehashing of the facts and arguments provided, weighed, and rejected by Judge Lynch in deciding to dismiss the Petition for failure to state a claim for which federal habeas relief can be granted. Accordingly, the Court reviews Judge Lynch's Findings and Recommendations for clear error. This Court finds no clear error in Judge Lynch's conclusions that the relief sought does not lie for errors of state law and that this Court cannot serve as an appellate tribunal to review errors allegedly committed by state courts. Therefore,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL and Lance's Petition (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 19th day of September, 2018.

Dana L. Christensen, Chief Judge
United States District Court