IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN F. LANCE,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSON; TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-113-M-DLC<br>Cause No. CV 18-114-M-DLC<br><br>ORDER |

This matter is before the Court on John F. Lance's "Motion for Relief from Judgments Due to Newly Discovered Evidence Delayed By [Montana State Prison] Property Office Interventions" filed in both of the above-referenced matters. Lance asks this Court to reconsider its prior orders denying him habeas corpus relief.

On June 19, 2018, Lance filed a Petition for a Writ of Habeas Corpus in Cause No. CV 18-113-M-DLC. On June 26, 2018, Magistrate Judge Lynch entered Findings and Recommendations which recommended Lance's petition be denied on its merits. (Doc. 5.) Lance timely filed two sets of objections, as well as a supplement, to Magistrate Lynch's recommendation. (Docs. 7, 9, and 10.) On September 11, 2018, this Court adopted Magistrate Lynch's recommendation in full. (Doc. 11.)

1

In Cause No. CV 18-114-M-DLC, Lance filed a habeas petition raising similar claims. Judge Lynch also recommended denial of this petition for lack of merit. (Doc. 5.) Lance filed two sets of objections and two supplements to his objections. (Docs. 7, 9, 10, and 11.) On September 19, 2018, this Court adopted the Magistrate's Findings and Recommendations in full. (Doc. 12.)

In Lance's Motion for Relief from Judgment, he explains that prison officials went through several boxes of his legal records and shuffled his papers, which date back to the 1970's. Due to this mix-up, Lance was unable to provide all of the documentation and legal records that he wished to originally provide to the Court. (Doc. 13 at 1-2.)[1] Lance believes the additional materials must be considered in order to achieve an accurate understanding of the procedural posture of his state court litigation. It appears Lance believes these documents constitute "newly discovered evidence" and that his delay in locating them amounts to excusable neglect. *Id.*

In support of his motion, Lance has provided the following documentation:

i. 153-page document entitled "Supplemental Petition Objections" (Doc. 13-1);

ii. a transcript of an order of protection hearing held on 4/28/14 before the Hon. Judge Langton, in Ravalli County District Court (13-2 at 1-

---

[1] In this Order, when referencing the documents filed by Lance on 10/19/2018, for purposes of clarity, the Court will cite to the docket numbers for *Lance v. Salmonson*, Cause No. CV 18-113-M-DLC. The identical documents, however, have also been filed in *Lance v. Salmonson,* Cause No. CV 18-114-M-DLC.

2

14);

iii. document prepared by Lance entitled, "Forty-seven Constitutional Torts Comprising 'Due Process' Deprivations Associated with Entry of Marriage Dissolution 'Decree' in *Lance v. Lance*, DR-79-136 in 1979" (*Id.* at 15-23);

iv. Lance's Answer to a Temporary Order of Protection filed in the Ravalli County Justice Court on 3/31/2014 (*Id.* at 24-45; 69);

v. Montana Supreme Court opinion, *Kahle v. Smithers*, 225 Mont. 452, 733 P. 2d 844 (1987) (*Id.* at 46-51);

vi. Legal research provided by Lance regarding void judgments, color of title, jurisdictional issues, Montana state statutes and case law, the Montana Rules of Civil Procedure, and various legal definitions (*Id.* at 52-58; 60-65);

vii. 8/30/2012 letter from the Missoula County Clerk of District Court regarding lack of record on the 8/1/79 Execution of Writ for "Nitehawk Ranch" (*Id.* at 59);

viii. 10/21/81 Order directing Sheriff to sign the money receipt and agreement to sell and purchase (*Id.* at 66);

ix. Earnest Money Receipt and Agreement to Sell and Purchase dated 9/22/81 (*Id.* at 67-68);

x. 1/13/84 Complaint for Interpleader filed in Cause No. DV-84-19 (*Id.* at 70-73);

xi. 8/3/87 Objection filed in Cause No. DV-84-19 (*Id.* at 74-80);

xii. 5/31/84 Indemnification Agreement (*Id.* at 81-84);

xiii. Lance's "Citation of Authority" filed in Cause No. DV-84-19 dated 5/28/87 (*Id.* at 85-89);

xiv. 11/16/86 letter to Deputy Attorney General Marc Racicot from Anthony McIlvain Ostheimer regarding the prosecution of Lance (*Id.*

at 90-93);

xv. 12/27/16 letter from Missoula County Clerk of District Court regarding inability to locate Motion for Entry of Default or Motion for Default Judgment in Cause No. DR-79-136 (*Id.* at 94); and,

xvi. Lance's 10/16/18 letter to the Montana Parole Board (Doc. 13-3).

The Court has reviewed all of these documents.

While motions to reconsider are left to the discretion of the district court, *Herbst v. Cook*, 260 F. 3d 1039, 1044 (9th Cir. 2001); *Barber v. Hawaii*, 42 F. 3d 1185, 1198 (9th Cir. 1994), they are also generally disfavored. *See, Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F. 2d 918, 925-26 (9th Cir. 1988). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 770 F. 2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Disagreement with a Court's order is an insufficient basis for reconsideration and such a motion should not be used to make new arguments or to ask the Court to rethink its prior analysis. *See e.g., Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (holding that "Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought through- rightly or wrongly.").

Moreover, Local Rule 7.3 provides:

(a) Leave of Court Required. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any

4

party may make a motion before a judge requesting that the judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that judge on any ground set forth in L.R. 7.3.(b)(1) or (2). No party may file a motion for reconsideration without prior leave of court.

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be limited to seven pages and must specifically meet at least one of the following two criteria:

(1)(A) the facts or applicable law are materially different from the fact or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and

(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

(2) new material facts emerged or a change of law occurred after entry of the order.

(c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanction.

Lance's filing is out of compliance with the local rules. He failed to file a motion for leave to file a motion for reconsideration. But, even construing Lance's filing liberally and excusing his filing error, he has failed to comply with Rule 7.3(c).

Although he supplies additional documents from various state court proceedings that have transpired since 1979, the Court has heard and considered the same underlying legal arguments. The documents presented provide nothing new to consider. While Lance repeats, at length, his objections to Magistrate Lynch's Findings and Recommendations, *see generally* (Doc. 13-1), he already

had the opportunity to present these arguments.[2] This Court considered Lance's objections and explained its basis for rejecting the same.[3]

Further, the Court did not misapprehend Lance's argument that he believes his 1979 divorce decree and subsequent sale of the Nighthawk Ranch to be void. The additional documentation and argument Lance has provided amounts to a rehashing of the same arguments that were previously presented and considered. The Court simply disagrees with Lance regarding the validity of the underlying state court decisions and this Court's ability to review the decisions. Lance has presented no legal basis for this Court to reconsider its prior orders denying him relief.

To the extent that Lance believes the documents he now presents constitute "newly discovered evidence" the Court disagrees. By Lance's own admission, with the exception of the letter to the Montana Parole Board which was written after Lance's federal habeas petitions were denied, all of the documents filed in support of Lance's motion were in his possession during the pendency of this action, albeit in a disorganized state.

Accordingly, there has been no "mistake, inadvertence, surprise, or

---

[2] *See, Lance v. Salmonson*, Cause No. CV 18-113-M-DLC, (Docs. 7, 9, and 10); *Lance v. Salmonson*, Cause No. CV 18-114-M-DLC, (Docs. 7, 9, 10, and 11.)

[3] *See, Lance v. Salmonson*, Cause No. CV 18-113-M-DLC, (Doc. 11); *Lance v. Salmonson*, Cause No. CV 18-114-M-DLC, (Doc. 12.)

excusable neglect" on the part of the Court; no "newly discovered evidence;" no void judgment; and no change in law or manifest legal error. Fed. R. Civ. P. 60(b). Lance is not entitled to relief from the judgments that have been entered. Rather, Lance appears to simply be re-litigating issues the Court previously considered when denying his habeas petitions; such action is improper. Relief for Lance, if any, now lies in appeal.

Accordingly, IT IS ORDERED that Lance's motions for relief in the above-referenced matters are DENIED.

DATED this 21st day of December, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court